### SCHNEPFE v. SCHNEPFE et al.

(Circuit Court of Appeals, Fourth Circuit. February 24, 1916.)

No. 1407.

1. JUDGMENT ☞688—CONCLUSIVENESS—PARTIES CONCLUDED.

A testator's widow brought suit in a state court to require his executor to pay her $12,000, under an antenuptial contract whereby the testator promised to pay her that sum in lieu of any dower interest in his estate, and obtained a decree requiring the executor to pay such sum. Thereafter a son brought an action to recover from her his share of the amount paid and the share of another son, on allegations similar to those made by the executor in the former suit. He contended that the amount named in the antenuptial agreement was a charge upon real estate, and not collectible out of personal property, and that as the testator's will disposed of personal property only, and gave the executor no interest in real estate, the executor did not represent the testator's heirs in the former suit, and that he was not bound by the decree. *Held*, that the executor represented all parties having any interest in the personal property as to any claim or liability payable out of his personal property.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1211; Dec. Dig. ☞688.]

2. JUDGMENT ☞688—CONCLUSIVENESS—MATTERS CONCLUDED.

It was the right and duty of the executor to set up any valid defense when sued by the widow, including the defense that she had no right of action, because the $12,000 was only a charge upon real estate and not an enforceable demand against personal property, and plaintiff was therefore bound by the decree against the executor, whether such defense was set up or not, as a judgment is conclusive as to defenses which might have been presented, though they were not presented.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1211; Dec. Dig. ☞688.]

3. COURTS ⬦⟳365—LOCAL LAW—FOLLOWING STATE DECISION.

The questions whether the widow could maintain an equitable action,. and whether there was a failure of consideration because of her abandonment of the testator, were purely questions of local law, and the decision of the state court of last resort was conclusive, and not open to review in a federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 950, 952, 955, 969—971; Dec. Dig. ⬦⟳365.]

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Action by John Frederick Schnepfe against Caroline M. Schnepfe and another. From a decree dismissing the bill, plaintiff appeals. Affirmed.

George G. Schnepfe, of Baltimore, Md., for appellant.

William Colton and Frederick N. Tannar, both of Baltimore, Md.,. for appellees.

Before KNAPP and WOODS, Circuit Judges, and WADDILL,. District Judge.

KNAPP, Circuit Judge. In June, 1904, Caroline Mahle, a widow,. and John Henry Schnepfe, entered into an antenuptial contract, which begins with the following recital:

"Whereas, a marriage is intended to be solemnized between the said Caroline Mahle and John Henry Schnepfe, and in view of which they desire to provide that certain real and personal property shall, after the said intended marriage has taken place, be possessed, enjoyed and disposed of as though they were unmarried. * * *"

The first paragraph of this contract provided that Caroline Mahle,. "in consideration of the said intended marriage and certain other good and valuable considerations," should continue to possess the real and personal property which she then owned, with power to dispose of it, absolutely or conditionally, by deed or will, notwithstanding her coverture; and a similar provision was made as to property acquired by her during coverture, Mr. Schnepfe agreeing to unite with her in. the execution of such deeds and conveyances as might be required.

The second paragraph provided as follows:

"In consideration of the said Caroline Mahle uniting in marriage with the said John Henry Schnepfe, the said John Henry Schnepfe doth agree to pay, in lieu of any dower interest which she, the said Caroline Mahle, would acquire in his, the said John Henry Schnepfe's, estate, the sum of $12,000.00; the said $12,000.00 to be paid to the said Caroline Mahle upon the death of the said John Henry Schnepfe out of whatever estate the said John Henry Schnepfe may die seised of, said payment to be made prior to the distribution of said estate."

It was also agreed that in the event of the death of Caroline Mahle during Schnepfe's lifetime he was to pay the $12,000 to her children by her former husband, and he further agreed to relinquish all right, title and interest which. he might acquire by way of curtesy in her estate.

The marriage followed soon afterwards, and Schnepfe died in No-

vember, 1913. In January, 1914, the $12,000 not having been paid, Mrs. Schnepfe brought an equity suit in circuit court No. 2 of Baltimore city against the executor of the last will and testament of her deceased husband. The trial of the case resulted in a decree which required the executor to pay complainant the sum of $12,000 and costs of the proceedings. The executor appealed to the Court of Appeals of Maryland, and that court in December, 1914, affirmed the decree. Schnepfe v. Schnepfe, 124 Md. 330, 92 Atl. 891. The opinion of Boyd, C. J., contains a full and careful discussion of the questions involved.

In April, 1915, this action was brought by the appellant, a son of John Henry Schnepfe, and a citizen of the state of Alabama, against the executor and Mrs. Schnepfe, to recover from her his share as heir at law, and also the share of a brother assigned to him, of the $12,000 which had been paid to her, on the ground that such payment was illegal and operated to deprive him of property to which he was justly entitled. The voluminous bill of complaint sets up, among other things, the same facts alleged in the answer of the executor to Mrs. Schnepfe's suit in the state court, and the exhibits include all the proceedings in that suit. The executor by way of answer admitted all the allegations of the bill. Mrs. Schnepfe filed a motion to dismiss on various grounds, the substance of which is that the facts alleged in the bill do not state a cause of action or entitle the complainant to equitable relief. The learned District Judge, after hearing the parties, dismissed the bill, for the declared reason, as asserted in appellant's brief:

"This is in effect an attempt to set aside a decree of the Court of Appeals of Maryland."

The appellant contends, if we understand his argument, that the $12,000 named in the antenuptial agreement was a charge upon real estate and not collectible out of the personal property left by Schnepfe; that his will disposed of personal property only and gave the executor no right or interest in real estate; that therefore the executor did not represent in the state court the heirs of the testator, meaning the persons to whom any real estate owned by him descended; and consequently that appellant is not bound by the decree of that court, and has not had his day in court as to the controversy here presented.

[1, 2] But the obvious answer to this contention is that the executor did represent all parties having any interest in the personal property of the deceased, and also represented them as to any claim or liability payable out of his personal property. 18 Cyc. 955; Cowen v. Adams, 78 Fed. 536, 24 C. C. A. 198. When Mrs. Schnepfe sued in the state court to compel payment of the $12,000 out of the personal estate in the hands of the executor, it was his right and duty to set up any valid ground of defense including the defense that the antenuptial agreement gave no right of action against him, because the $12,000 was not an enforceable demand against personal property, but only a charge upon real estate, with which the executor had nothing to do. And for the purposes of this case it is unimportant whether or not that defense was set up in the answer and urged at the trial; it

is sufficient if there was opportunity to make it, and this seems to us to be beyond question. The appellant was therefore represented by the executor in that suit, because it was a suit to enforce payment of the $12,000 out of the personal property, and it follows that he has had his day in court as to that question and is bound by the decree. As the Supreme Court said in the leading case of Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195:

"Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery, want of consideration, or payment. If such defenses were not presented in the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses never existed. The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy."

[3] It is argued that appellant is not bound by the Maryland decree, because any claim of Mrs. Schnepfe for payment of the $12,000 out of the personal property was not cognizable by a court of equity, but could be enforced only, if at all, in an action at law, and that therefore the court was without jurisdiction to render the decree. But manifestly the question whether she could maintain an equitable action was purely one of local law, and the decision of the state court of last resort is conclusive upon that question. If we are right in what has already been said, the appellant was represented in that suit by the executor, and the ruling against him upon the issue of jurisdiction is not open to review in a federal court.

The same principle applies to the claim that there was failure of consideration for the $12,000 because Mrs. Schnepfe is alleged to have abandoned her husband for such length of time and under such circumstances as entitled him to a divorce, which would have annulled the antenuptial agreement. This question is discussed at length by the learned Chief Justice, who sums up the conclusion of the court as follows:

"It is not a meritorious defense for the executor to now set up, when the testator can no longer speak for himself—to seek to avoid the obligation solemnly made by the testator, and so far as appears from the record, intended by him to be provided for out of part of his estate set apart for that purpose, by alleging a ground, the real facts as to which no one knew better than the testator himself, and yet he did not in his lifetime seek to obtain a divorce. Inasmuch as the appellee would in the absence of the agreement have been entitled to dower and her share of the personal estate left by the husband, even if it be true that she abandoned him, as there was no divorce we are of the opinion that the abandonment (if conceded) does not nullify the antenuptial contract, or make it inequitable in this case to enforce it."

We find no merit in the appeal, and the decree dismissing the bill of complaint will be affirmed.

Affirmed.